IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTY A. BRYANT,                 ) | |
|             Petitioner/Defendant,    ) | |
|                                            ) | CIVIL NO. 05-CV-4007-JPG |
| vs.                                                              ) | |
|                                            ) | CRIMINAL NO. 03-CR-40024 |
| UNITED STATES of AMERICA ,        ) | |
|             Respondent/Plaintiff.        ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      This action is before the Court to rule on Petitioner's motion (Doc. 6) to set aside the order which closed this case. Although Petitioner does not cite to any statute as basis for this motion, the Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted). Judgment was entered in this action on February 14, 2005, but the instant motion was not filed until March 28, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

      Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

This action was dismissed upon a motion for voluntary dismissal (*see* Doc. 3). As Petitioner points out, that motion was filed by counsel, who has never entered an appearance in this action, while Petitioner filed this action *pro se*. Petitioner claims that he never authorized anyone to file such a motion of voluntary dismissal on his behalf; therefore, he asks that the judgment be vacated and this action reinstated. Such a claim certainly constitutes the sort of "mistake, inadvertence, surprise, or excusable neglect" contemplated by Rule 60(b).

Accordingly, the instant motion is **GRANTED**. The judgment entered in this action is **VACATED AND HELD FOR NAUGHT**. The Clerk shall **REOPEN** this case.

    **IT IS SO ORDERED.**

    **Dated: March 9, 2006.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**